UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| CLAUDIANA DIAS,<br><br>           Plaintiff,<br><br>-v-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and CREDIT COLLECTION SERVICES,<br><br>           Defendants. | Civil Case Number:<br><br>CIVIL ACTION<br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Identity theft has long been a widespread problem in this country. Over the past decades, identity theft has emerged over the last decade as one of the fastest growing white-collar crimes in the United States.[1] Millions of Americans annually fall victim to this crime and are required to spend countless hours and untold effort in attempting to undo the resultant harm caused to their credit reports.[2]

2. As a result of this growing problem, Congress amended the Fair Credit Reporting Act in 2003 ("FCRA," 15 U.S.C. 1681 *et seq.*) to increase protection for victims of identity theft.[3] These regulations require "consumer reporting agencies" ("CRAs") such as Equifax,

---

[1] *See, Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007).
[2] Victimization surveys conducted by Synovate for the Federal Trade Commission estimate that, between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone. *See,* Graeme R. Newman & Megan M. NcNally, *Identity Theft Literature Review* 14 (2005), http://www.ncjrs.gov/pdffiles1/nij/grants/210459.pdf (citing Synovate, Federal Trade Commission—Identity Theft Survey Report 7, 12 (2003), http://www.ftc.gov/os/2003/09/synovatereport.pdf) .
[3] *See*, Pub.L. 108–159 (December 4, 2003)

Experian and TransUnion to block information in a consumer's credit report if that information resulted from identity theft. The CRA must do so within four days of receiving certain documentation of the identity theft. 15 U.S.C. § 1681c–2(a). That documentation includes: proof of the consumer's identity; a copy of "an identity theft report"; identification of what information should be blocked; and the consumer's statement that the disputed information does not relate to any transaction that she made. *Id.* Once a CRA receives the necessary information and places the block, it must inform the "furnisher" of the blocked information. 15 U.S.C. § 1681c–2(b).

3. Claudiana Dias, the Plaintiff in this case, has been the unfortunate victim of identity theft. Specifically, upon information and belief, the Plaintiff's car was broken into, and her wallet was stolen. Shortly thereafter, several accounts were opened in her name unknowingly. These accounts were then being reported negatively on her credit reports.

4. Rather than working with Ms. Dias to rectify this unfortunate situation, each of the Defendants refuse to remove these fraudulent accounts from his credit report, despite the Plaintiff specifically disputing these fraudulent items. Instead, the Defendants have continued to willfully and negligently harm the Plaintiff's credit report by continuing to associate these fraudulent accounts with the Plaintiff, thereby severely impacting Plaintiff's life and his ability to obtain credit.

5. Plaintiff thus brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Experian and Credit Collection Services have negligently and recklessly disseminated false information regarding the Plaintiff's credit, namely by continuing to associate Plaintiff with these fraudulent accounts, particularly after the Plaintiff mailed letters to Defendants specifically advising them of this issue and

submitting the necessary supporting documentation.

6. Plaintiff further alleges that Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

7. Additionally, Experian have failed to follow the most basic requirements of the FCRA, which require this information to be blocked within four days of being provided the necessary documents.

8. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

9. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of New York and violated Plaintiff's rights under the FCRA in the state of New York as alleged more fully below.

10. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

11. Plaintiff, Claudiana Dias ("Plaintiff"), is a resident of Milford, Connecticut and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a

"consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. Defendant Credit Collection Services ("CCS") is a debt collector with its address at 725 Canton Street, Norwood Massachusetts 02062.

## FACTUAL ALLEGATIONS

14. Sometime prior to January of 2022, Plaintiff discovered that several accounts and loans were taken out in her, without her knowledge or authorization to do so.

15. Accounts were opened with Walmart, Kohl's, and Liberty Mutual.

16. Upon this discovery, Plaintiff filed a police report and completed and submitted a sworn FTC Identity Theft Affidavit, listing these accounts on her credit report that were not hers and that she had never opened.

17. On or about January 24, 2022, the Plaintiff then tried disputing these accounts with Experian and Transunion.

18. In those disputes, the Plaintiff clearly advised Experian and Transunion that she was the victim of Identity Theft, and that this information should be removed and blocked.

19. With those disputes, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

20. Experian refused or otherwise failed to remove, correct or block the fraudulent CCS account, instead claiming to have 'verified as accurate' this fraudulent information.

21. Fortunately, Trans Union removed all of the inaccurate reportings.

22. Experian and CCS were each notified of the respective disputes, but refused to investigate

and/or remove the inaccurate reporting.

23. Experian did not block the inaccurate information, even after the Plaintiff sent them all required documentation, including a sworn Identity Theft Affidavit.

24. At all times pertinent hereto, Defendants' conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s, 1681c and 1681i of the FCRA.

25. As a direct and proximate result of the Defendants' violations of the FCRA, Plaintiff has been harmed in her daily life, by the impact that this derogatory information has had on his credit score and his ability to secure credit. For example, the Plaintiff was denied credit opportunities, including a mortgage, she would have been given if it were not for the reporting of these fraudulent accounts.

26. Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in her daily life, which he should not have to deal with, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

## COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST EXPERIAN

27. All preceding paragraphs are realleged.

28. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

29. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's

file. *See* 15 U.S.C. § 1681i(a)(5)(A).

30. On or about January 24, 2022, Plaintiff initiated a dispute with Experian requesting that they correct and remove the fraudulent CCS account from her credit file that were patently inaccurate and damaging to her.

31. Experian received her dispute.

32. Experian, having either conducting no investigation or failing to conduct a reasonable investigation, verified as 'accurate' these fraudulent accounts on Plaintiff's credit file, something which a basic investigation would have prevented.

33. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

**COUNT II**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EXPERIAN**

34. All preceding paragraphs are realleged.

35. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

36. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the fraudulent CCS account from the Plaintiff's credit report, especially after the Plaintiff (1) disputed these accounts with Experian, and (2) provided Experian with documents and information definitively establishing that he was the victim of identity theft and that these accounts were not opened by him.

37. Furthermore, were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information from being reported on the Plaintiff's credit report, especially after the Plaintiff provided Experian with the information reflecting that this information was inaccurate.

38. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681c-2
## AGAINST EXPERIAN

39. All preceding paragraphs are realleged.

40. On or about January 24, 2022, Plaintiff initiated a dispute with Experian requesting that they correct and remove the CCS account, as the accounts was fraudulently opened by an individual other than the Plaintiff.

41. In support of these disputes, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

42. Experian refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

43. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Experian continued to report this fraudulent information.

44. As a direct and proximate result of Experian's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## COUNT IV
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 USC § 1681s-2(b)
## AGAINST CREDIT COLLECTION SERVICES

45. All preceding paragraphs are realleged.

46. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

47. On or about January 24, 2022, Plaintiff submitted a written dispute to the credit bureaus (Experian and TransUnion) disputing the accuracy of the account being reported by Defendant CCS.

48. Defendant CCS received these disputes from the credit bureaus, as evidenced by their responses to the credit bureaus.

49. Defendant CCS was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

50. Defendant CCS failed to reasonably investigate Plaintiff's dispute, instead claiming to have 'verified' this completely false and inaccurate information.

51. Indeed, Defendant CCS's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

52. Defendant CCS's conduct violated section 1681s-2(b) of the FCRA.

53. As a direct and proximate result of CCS's willful conduct, Plaintiff has been harmed.

## DEMAND FOR TRIAL BY JURY

54. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  April 20, 2023

                      By:    /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
yzelman@MarcusZelman.com
*Attorneys for Plaintiff*